NO. 07-12-0056-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 22, 2012

_____

EDGAR HERNANDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;

NO. 2677-A; HONORABLE GORDON H. GREEN, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following an open plea of guilty, Appellant, Edgar Hernandez, was convicted of burglary.[1]   In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw.  We grant counsel's motion and affirm.

---

[1]Tex. Penal Code Ann. § 30.02(a) (West 2011).

[2]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a pro se response if he desired to do so, and (3) informing him of his right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[3] By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

**Background Facts**

On November 11, 2010, while responding to a call of a suspicious vehicle, a lieutenant and detective with the Muleshoe Police Department observed an individual, later identified as Appellant, leaving a residence carrying an "armful of stuff." Upon noticing the marked patrol vehicle, Appellant dropped the items and jumped into an

---

[3]Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35.

SUV. Appellant's brother, Silverio Hernandez,[4] was driving the SUV and was accompanied by two juveniles. Silverio pulled away from the residence and, according to the lieutenant, headed in the direction of his patrol vehicle. The SUV collided with the patrol vehicle, lost a front wheel and continued down the street.[5] Notwithstanding the damage to the patrol vehicle, the lieutenant was able to give chase for about one-half mile. Appellant, Silverio and the two juveniles abandoned the damaged SUV in a vacant field and fled on foot. The lieutenant apprehended Silverio and the detective apprehended the two juveniles. Appellant was not captured but did turn himself in the next day.

The SUV was abandoned with all four doors remaining open and the back window shattered from the collision. The lieutenant and detective observed various items in the SUV, including electronics, video games, CDs, DVDs, firearms, jewelry and a purse, all determined to be stolen property from victims of several burglaries.

After a jury was selected, Appellant entered a plea of guilty but elected to have the jury hear punishment evidence. In addition to testimony about the burglaries, evidence was presented that Appellant, while in the Bailey County Jail, violated certain rules prohibiting inmates from engaging in certain conduct, including possession of contraband. After presentation of the evidence, the State argued that a fifteen-year sentence was reasonable punishment and urged the jury not to recommend community

---

[4]Silverio was also convicted of burglary. His appeal bearing cause number 07-11-0057-CR was disposed of this same date.

[5]The lieutenant testified that approximately $10,000 damage was done to his patrol vehicle and he sustained injuries to his knee and arm.

supervision. The defense pleaded for community supervision given that Appellant is young, has a young daughter and cooperated with law enforcement. After deliberating, the jury assessed punishment at fifteen years confinement and a $10,000 fine.

## Analysis

By the *Anders* brief, counsel certifies he has found no meritorious issues to present to this Court. *See Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App. 1974). We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

4